UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL ACTION |
| GLADYS IHENACHO, ) | NO. 08-10337-RGS |
| ) | |
| Defendant. ) | |

ORDER ON ATTORNEY GEORGE'S CONFLICT OF INTEREST

May 2, 2011

SOROKIN, M.J.

A grand jury has charged Gladys Ihenachao with: (1) Conspiracy to Distribute, and To Possess with the Intent to Distribute Controlled Substances; (2) Conspiracy to Misbrand Drugs While Held For Sale After Shipment in Interstate Commerce; (3) Dispensing of a Controlled Substance; (4) Misbranding Drugs While Held for Sale After Shipment in Interstate Commerce; (5) Conspiracy to Commit International Money Laundering; (6) International Money Laundering; (7) Continuing Criminal Enterprise – Meetinghouse Community Pharmacy; (8) Conspiracy to Distribute, to Dispense, and to Possess with the Intent to Distribute Controlled Substance; (9) Distribution and Dispensing of Controlled Substance; (10) Conspiracy to Commit International Money Laundering; and (11) International Money Laundering.  Notably, the Continuing Criminal Enterprise charge carries a twenty-year mandatory minimum sentence upon conviction.

The charges against Ihenachao originated with a criminal complaint filed on October 29,

2008. From the outset, Ihenachao retained Attorney Robert George to represent her. On August 3rd, 2010, Ihenachao requested that the Court appoint George to represent her pursuant to the Criminal Justice Act on the ground that she had become indigent. Docket # 97. The Court allowed the request and appointed George, who was a member of the Criminal Justice Act panel. Docket # 106.

For reasons not relevant to this Order, this case was still pending in March, 2011, with a trial then set for April 25, 2011. On March 22, 2011, this Court (Collings, M.J.) issued a criminal complaint against George charging him with money laundering, money laundering conspiracy, and structured transactions to evade reporting requirements. Accordingly, on March 25, 2011, the undersigned convened a hearing to address the issue of the conflict of interest posed by George's simultaneous representation of Ihenachao in a prosecution brought by this district's United States Attorney's Office and his status as a defendant in a prosecution brought by that same office.

Factual Findings

George disclosed to his client the facts and circumstances of his arrest prior to the March 28, 2011, hearing concerning the conflict issue. George and Ihenachao met or spoke on several occasions during which George explained the charges against him, the nature of the conflict issue, and answered Ihenachao's questions. At the hearing, George presented a signed affidavit in which Ihenachao affirmed, "I hereby waive any future claims against his representation now or in any appeal, if necessary, on the grounds that I was entitled to new counsel, if the court was asked by me at that time; [sic] I ask this Court to allow Robert A. George to continue representing me in this case despite his current circumstances." Docket # 185 at ¶ 10,11.

The Court appointed Attorney Mark Pearlstein[1] to provide Ihenachao independent and confidential advice and to counsel her regarding the conflict issue. The Court suspended the hearing so that Attorney Pearlstein and Ihenachao could meet to discuss the conflict issue. They did so in private without George. When the hearing resumed later that afternoon, Ihenachao, George, and Pearlstein each reported that Ihenacho wished to continue with George as her attorney. Pearlstein also stated that he saw no reason why Ihenacho should not be permitted to continue with George as her counsel.

The Court excused the government's counsel, sealed the Courtroom, and proceeded to conduct a colloquy with Ihenachao in the presence of both Pearlstein and George. During this colloquy, the Court explained to Ihenachao the nature of the conflict, various ways in which this conflict might adversely affect Ihenachao's interests (including inter alia that jurors in Ihenachao's trial might recall George's arrest, that jurors might taint Ihenacho by association with an attorney charged with serious crimes, and/or that George might forbear from zealous advocacy in an effort to either curry favor with the office prosecuting him or to avoid angering that same office). Ihenacho explained that she understood each of the facts and risks explained to her. The Court also explained to Ihenacho that if she wished to have new counsel appointed, then the Court would discharge George, appoint new counsel, and would ensure that her new counsel would have a reasonable time period to prepare for trial. Ihenacho reiterated that she wished to proceed with George as her counsel, and that she waived any conflict of interest his

---

[1] Pearlstein is a member of the Court's Criminal Justice Act Panel. He also has many years of criminal law experience both as a prosecutor in federal court and as defense counsel.

posed by his prosecution.

The Court suspended the proceedings at that point to provide the government with an opportunity to file a memorandum of law. The government did so on March 31, 2011. On April 1, 2011, Pearlstein filed his own memorandum in which he represented that he had spoken with Ihenacho after his receipt of the government's memorandum, that Ihenacho persisted in her desire to waive the conflict and proceed to trial with George, and that Pearlstein himself saw no obstacle to permitting Ihenacho to proceed with George.

The Court reconvened the hearing on April 29, 2011. In the interim, Judge Stearns had cancelled the April 25, 2011 trial date, and a grand jury had indicted George. His indictment charges commission of the same offenses as were alleged in the criminal complaint. At the resumed hearing, the Court advised Ihenacho, inter alia, of the Indictment and of the risk of distraction, stress and commitment arising from George's need to respond to the criminal charges against him. Ihenacho reaffirmed her desire to proceed with George. In addition, she stated that no promises, rewards or inducements had been given or offered to her in exchange for her continuing with Attorney George, that she was not under the influence of any medication, drug or alcohol, that she suffered from no mental illness or condition affecting her judgment and that she understood the discussions with the Court and counsel. In addition, she reaffirmed the content of the affidavit she had filed in Court at the first hearing and she specifically waived her constitutional right to counsel free from conflicts of interest.

I find that Ihenacho has made a knowing, intelligent and voluntary waiver of her constitutional right to counsel free from conflicts of interest.

Attorney Pearlstein opined that the conflict in this case was subject to waiver. Attorney

George represented that the conflict will not adversely affect his representation of Ihenacho and the Court so finds.  George, Pearlstein and Ihenacho also stated that no additional time was needed to consider the conflict issue.

  <u>Discussion</u>

  Plainly, George has a conflict of interest in light of his prosecution by the same office that is prosecuting his client.   He is "between the rock of [his] legal obligation to zealously defend [his client] and the hard place of [his] instinctive desire to 'save [himself].'" See <u>Campbell v. Rice</u>, 265 F.3d 878, 887 (9th Cir. 2001) (quoting <u>United States v. McLain</u>, 823 F.2d 1457, 1464 (11th Cir. 1987)) (reversed on other grounds after rehearing, <u>Campbell v. Rice</u>, 408 F.3d 1166(9th Cir. 2005)).  Given Ihenachao's desire to waive the conflict, the remaining question is whether she may do so.

  Generally, a client may not waive her attorney's conflict of interest arising out the same (or any overlapping) conduct, witnesses, facts, or allegations as those allegations against the client-defendant. <u>United States v. Armienti</u>, 234 F.3d 820 ( "[p]er se conflicts are limited to situations where trial counsel is not authorized to practice law . . . or is implicated in the very crime for which his or her client is on trial").  The Government has represented that George's and Ihenacho's prosecutions involve no overlapping factual allegations or circumstances. Coincidentally, both George and Ihenacho face indictments alleging the commission of money laundering offenses.  The government cited <u>United States v. Williams</u>, 372 F.3d 96 (2nd Cir. 2004), for the proposition that "where it is alleged that the defense counsel engaged in the same or similar crimes for which the defendant stood trial, the conflict 'so permeates the defense that no meaningful waiver can be obtained.'" <u>Williams</u>, 372 F.3d at 99-100 (citing <u>United States v.</u>

Fulton, 5 F.3d 605, 613 (2nd Cir. 1993)). In Williams and Fulton, each court was concerned that the representing attorney had an overlapping interest or personal stake in the resolution of his client's case. Williams, 372 F.3d at 104; Fulton 5 F.3d at 613. For example, in Fulton a government witness had informed prosecutors that Fulton's counsel received a portion of a recent shipment of heroin. Id. at 607. The concern was not that the attorney and his client were charged under the same statute. Id.

    I find that the conflict of interest in this case subject to waiver. There are no overlapping factual allegations or other relationships between the two prosecutions. The case law makes clear that in circumstances such as those presented here, the error (when error has occurred) arose from either the failure to disclose fully the conflict to the client or from the failure of the Court to make direct inquiry of the Defendant regarding the conflict. Neither circumstance exists here. The Court has twice fully disclosed the conflict to Ihenacho. Likewise, George and Pearlstein have made separate disclosures of the conflict to Ihenacho. Moreover, I find that Ihenacho has made a knowing and voluntary waiver of her constitutional right to counsel free from conflicts of interest.

    Several findings support this conclusion. Ihenacho is an intelligent woman. She has had a meaningful period of time to consider the conflict matter. She has received the benefit both of discussions with her counsel of choice, George, and of separate independent advice by experienced counsel, Pearlstein. The Court has advised her both generally and specifically of the risks of proceeding with George as her counsel. Ihenacho has acknowledged her understanding of these risks and has nonetheless stated that she wishes to proceed with her counsel of choice. No person has made any promises or threats to Ihenacho nor has she been offered any

inducements to proceed with George as counsel.  The timing of the two cases also supports the waiver finding – Ihenacho's case is ready for trial while George was only just indicted. Finally, both George and Pearlstein have indicated that each believes Ihenacho may proceed with George.

The Court has not found (nor has any party cited) a case holding that a waiver in the circumstances present here is not legally permissible.[2]  Moreover, several courts have explicitly or implicitly determined that a defendant may waive the conflict arising out of the prosecution of his or her counsel by the same office prosecuting the defendant. See Campbell, 265 F.3d at 887-88 (examining whether trial court inquired of the conflict arising from prosecution of counsel and defendant by the same office and whether trial court "provide[d the defendant] with the opportunity to knowingly and intelligently waive the conflict . . . "); United States v. De Falco, 644 F.2d 132, 140 (3rd Cir. 1979)(ruling that no constitutional violation occurs when a defendant knowingly and deliberately waives the conflict arising from prosecution of defendant's counsel by the same office prosecuting defendant).  Accordingly, I find that Ihenacho may waive the conflict present in this case and that she has done so knowingly and voluntarily.  In light of all the circumstances noted above, as well as Attorney George's representations that he can and will zealously defend Ihenacho, I accept Ihenacho's waiver of the conflict of interest.

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge

---

[2] The government stated expressly at the second hearing that it was not taking a position on whether or not the conflict was subject to waiver.